:STATE, J. MADISON WATSON ET AL., PROSECUTORS, v. CITY OF ELIZABETH.

This court having set aside an assessment for street paving, in the city of Elizabeth, as to the prosecutors in *certiorari* only, the city council was thereupon authorized, by the supplement of the city charter (*Pamph. L.* 1870, *p.* 754, § 13,) to vacate the assessment *in toto*, and proceed to levy a new one.

On *certiorari* to remove assessments.

Argued at June Term, 1880, before Justices DIXON and REED.

For the prosecutors, *J. A. Fay, Jr.*

For the defendants, *W. R. Wilson.*

The opinion of the court was delivered by

DIXON, J.    The writs in this and similar cases bring up for review an assessment made July 1st, 1879, for paving Rahway avenue from Cherry street to the line of the city of Elizabeth.

A former assessment for this improvement was before the court in *State, Watrous, pros., v. City of Elizabeth,* 11 *Vroom* 278, and was set aside as to the prosecutors, upon the ground that it was in excess of the benefits received by them.

Subsequently, on December 9th, 1878, all the assessment proceedings were set aside by resolution of the city council, prefaced with these preambles :

"Whereas, the Supreme Court of this state, on *certiorari,* has set aside the assessment for paving Rahway avenue from Cherry street to the city line, as to the prosecutors named in the writs of *certiorari;* and whereas, by an act of the legislature of this state, entitled 'A further act in relation to assessments in cities,' approved March 7th, A. D. 1877, the city council is authorized to vacate and set aside said assessment."

Watson v. City of Elizabeth.

The first objection to the present assessment is, that the city council had no power to direct the making of it, or to ratify it when made, and, under this objection, the prosecutors urge that the resolutions vacating the former assessment were void, for want of authority.

But we think the requisite power for both vacating the old and making the new assessment, is to be found in a supplement to the city charter, approved March 17th, 1870, (*Pamph. L., p.* 754, § 13,) which empowers the city council, whenever it discovers that any proceedings in relation to street improvements are liable to be set aside by judicial authority, because of any informality or illegality therein, to re-institute such proceedings from the point where such informality or illegality commences. In this instance, the court had adjudged that there was an illegality in the assessment, and therefore had set it aside as to the prosecutors. So much, the city council had discovered, as their preamble shows. By the settled practice of this court, the whole assessment was thereupon liable to be vacated by the court, on application of the city. This, as a part of the law of the land, the council must be presumed to have known. Hence, all the conditions precedent to the re-institution of proceedings to assess, according to this supplement, existed, and a formal vacation of the old assessment was a proper preliminary. In this connection, we do not overlook the general law relating to re-assessments of benefits in cities, approved April 21st, 1876, (*Rev., p.* 714,) but we think that law does not repeal the foregoing provisions of the charter. *State* v. *Minton,* 3 *Zab.* 529; *State, M. & E. R. R. Co., pros.,* v. *Commissioners of Railroad Taxation,.* 9 *Vroom* 472. Nor do we base the authority upon the statute particularly mentioned in the second preamble, (*Rev., p.* 1357,) because we incline to the opinion that it refers only to such assessments as are void or voidable *for the reason* that they have been levied wholly upon the line of the improvement. In our judgment, the supplement which we have cited gives sufficient warrant for the present assessment.

Kirkpatrick v. Commissioners.

The second ground of objection is, that the assessment exceeds the amount which this court fixed as the limit of assessment on the prosecutors' lands, in the Watrous case, (11 *Vroom* 278.)   But it is a mistake to suppose that this court has appointed any such limit.

Third, it is claimed that the assessment exceeds the benefit. As to this matter, the evidence against the report is not satisfactory.   The prosecutors endeavor to sustain their position, upon the idea that the fair cost of the work done would not equal the amount assessed.   This amount is $56,494.76, levied July 1st, 1879.   The improvement was completed before July 1st, 1874, and therefore this sum includes five years' interest on what must be regarded as original cost.   A simple calculation shows such cost to be about $42,000.   The estimated contract price was $47,980 ; the actual cost was $57,830.   The difference between these sums and the principal of the assessment, affords a fair margin of allowance for the admitted defects of the work.

The assessment should be affirmed, with costs.